**IN THE UNITED STATES DISTRICT COURT**
**<u>FOR THE DISTRICT OF MARYLAND</u>**

| | | |
|---|---|---|
| **JUAN ERNESTO REQUIS GUTIERREZ,** | * | |
| **Petitioner,** | * | |
| | * | **Civ. No.: MJM-26-3305** |
| **v.** | * | |
| **MARKWAYNE MULLIN, *et al.*,** | * | |
| **Respondents.** | * | |

* * * * * * * * * *

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Juan Ernesto Requis Gutierrez's ("Petitioner") Motion to Enforce this Court's Order. ECF No. 15. Respondents[1] filed a response in opposition to the motion, ECF No. 16, and Petitioner did not file a reply. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). For reasons explained herein, the motion is denied.

## I. BACKGROUND

Petitioner is a citizen and national of Peru. In or around February or March 2023, Petitioner entered the United States without inspection and was detained by officers of the Department of Homeland Security ("DHS"). DHS eventually released Petitioner and initiated removal proceedings against him. Petitioner has a pending I-589 application for asylum and for withholding of removal.

Officers of U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner in Baltimore, Maryland on August 19, 2026. On the same date, Petitioner, through

---

[1] Respondents are the Secretary of the U.S. Department of Homeland Security, the U.S. Attorney General, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and the Acting Director of ICE Baltimore Field Office. *See* ECF No. 1 at 1.

counsel, filed a petition for a writ of habeas corpus in this Court challenging his detention by ICE. ECF No. 1.

On August 20, 2026, the parties filed a joint notice stipulating that "the factual and legal arguments presented in the instant habeas petition do not materially differ from those presented in many similar cases before this Court," "concern[ing] whether Petitioner, a noncitizen who entered the United States without inspection and was detained is subject to mandatory detention under 8 U.S.C. § 1225 or discretionary detention under § 1226(a) during the pendency of administrative removal proceedings." ECF No. 6 at 1–2. In consideration of the parties' joint notice, this Court found jurisdiction and entered an Order on August 24, 2026, finding that "Petitioner is detained under 8 U.S.C. § 1226(a)" and "is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d)[.]" ECF No. 7 (the "August 24th Order"). The Order directed that Petitioner receive a bond hearing before an Immigration Judge ("IJ") "within 14 days of the Petitioner's filing of a motion with the Immigration Court with meaningful consideration by the Immigration Judge of applicable, relevant factors." *Id.* The Court retained jurisdiction to enforce the August 24th Order. *Id.*

On September 11, 2026, Petitioner filed a motion for a bond redetermination hearing before the Immigration Court in Annandale, Virginia, and submitted documentary evidence in support of his request for bond. ECF No. 15-2. An IJ conducted a custody redetermination hearing and heard argument from Petitioner's counsel that Petitioner did not present a risk of flight or danger to the community. DHS did not contend that Petitioner was a danger to the community but stated its position that he was a flight risk. At the conclusion of the hearing, the IJ noted evidence in the record suggesting that Petitioner was not a flight risk but also noted Petitioner's limited period of presence within the United States coupled with limited evidence of a current, fixed residential

address for Petitioner; deficient evidence of Petitioner's current employment; Petitioner's lack of any family members who could confer an immigration benefit; and a perceived weakness in the merits of Petitioner's I-589 petition. The IJ ultimately determined that Petitioner met his burden of establishing that he was not a danger to the community but failed to meet his burden of establishing that he was not a flight risk, and the IJ denied bond on that basis. This Court has reviewed an audio recording of the custody redetermination hearing and a written order denying a custody redetermination, which summarizes the IJ's reasons. ECF Nos. 14 & 15-1.

## II. DISCUSSION

On October 9, 2026, Petitioner filed in the instant case the pending Motion to Enforce this Court's Order, requesting immediate release from custody or, alternatively, another bond hearing before a different IJ. ECF No. 15. Respondents filed an opposition arguing that 8 U.S.C. § 1226(e) bars judicial review of the IJ's bond decision and that Petitioner's bond hearing was conducted in accordance with the August 24th Order. ECF No. 16. Petitioner argues that § 1226(e) does not bar this Court from considering "whether Respondents complied with this Court's directive and afforded Petitioner the individualized custody determination required by 8 U.S.C. § 1226(a), 8 C.F.R. §§ 236.1, 1003.19, and 1236.1." ECF No. 15 at 7. The Court agrees with this statement but finds no deficiency in the bond hearing Petitioner received in Immigration Court.

In its August 24th Order, the Court found that Petitioner was "entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d)[.]" ECF No. 7. Petitioner does not allege that his bond hearing failed to satisfy the requirements contained in these regulations. Instead, Petitioner argues, without factual support, that the IJ "did not conduct the individualized analysis required by § 1226(a)." ECF No. 15 at 8. Having reviewed a full recording of the bond hearing, his Court cannot agree with that assessment. All reasons the IJ provided for denying bond

were based on his assessment of the record evidence, or lack thereof in Petitioner's case concerning Petitioner's personal circumstances. In *Miranda v. Garland*, the U.S. Court of Appeals for the Fourth Circuit recognized that the procedures established for detention and bond determinations in immigration court under § 1226(a) satisfy due process. 34 F.4th 338, 366 (4th Cir. 2022). Specifically, the court noted that these procedures provide "the fundamental features of due process—notice and an opportunity to be heard." *Id.* at 362. Here, Petitioner clearly had notice of his bond hearing and was represented by counsel, and he had the opportunity to present evidence and to be heard. *See* ECF Nos. 14, 15-1, 15-2.

Petitioner argues that, in denying bond, the IJ failed to comply with the directive in the August 24th Order, that the IJ "meaningfully consider all applicable, relevant factors." ECF No. 15 at 6. But the August 24th Order did not direct the IJ to consider "*all* applicable, relevant factors." *Id.* (emphasis added). The Order required "meaningful consideration by the Immigration Judge of applicable, relevant factors[.]" ECF No. 7. Importantly, the Board of Immigration Appeals ("BIA") has long recognized that IJs have "broad discretion in deciding the factors that [they] may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). Petitioner cites no authority for the proposition that the IJ here was required to consider and account for "*all* applicable, relevant factors" in reaching and conveying his custody decision. ECF No. 15 at 6.

Petitioner concedes that it was permissible for the IJ to consider the numerous factors he relied upon in finding a flight risk, *see id.* at 11, 13, 14 (citing *In Re Guerra*), but argues that the IJ "failed to meaningfully reconcile these considerations with the substantial favorable evidence presented," *id.* at 2, and "failed to meaningfully explain why [identified deficiencies in Petitioner's

evidence] outweighed Petitioner's demonstrated history of compliance with immigration authorities[,]" *id.* at 10. This argument, detailed and repeated throughout Petitioner's motion, boils down to a disagreement with how the IJ weighed the evidence presented to him at the hearing and is unsupported by any binding authority. The August 24th Order did not prescribe the manner in which the IJ must weigh and balance evidence presented to him at the bond hearing; nor did it prohibit the IJ from weighing certain factors greater than others; nor did it require the IJ to provide a detailed explanation of why he chose to weigh balance competing considerations drawn from the evidence presented to him at the bond hearing.

In sum, the Court does not find that the bond hearing Petitioner received in Immigration Court and the resultant decision denying bond failed to comply with the August 24th Order. Nor does the Court find that any due process violation occurred in the bond hearing and order denying bond.

What remains of Petitioner's motion essentially calls upon this Court to review or set aside the IJ's exercise of his broad decision to deny bond, which would be a clear violation of 8 U.S.C. § 1226(e). This provision does not deprive federal district courts of jurisdiction over challenges to "the statutory framework that permits his detention without bail[,]" *Demore v. Kim*, 538 U.S. 510, 517 (2003), but it does "forbid review of the Attorney General's actions and decisions in individual proceedings[,]" *Miranda*, 34 F.4th at 353. Here, Petitioner does not challenge the statutory and regulatory framework governing the process through which the immigration court denied him bond. He challenges the bond denial made by the immigration court in his particular case and now asks this Court to order a new bond hearing or his immediate release. *See* ECF No. 15 at 2, 5–6, 19–22. To order Petitioner's release or to order a second bond hearing would necessarily "set aside" the discretionary decision by the IJ regarding Petitioner's detention. This relief is foreclosed

by § 1226(e); this Court simply lacks the authority to grant it. Other judges of this Court have come to the same conclusion. *See Chavez de Vasquez v. Baker*, Civ. No. SAG-25-3657, 2025 WL 3713773 (D. Md. Dec. 23, 2025); *Flores Hernandez v. Noem*, Civ. No. JRR-26-423 (Feb. 24, 2026); *Santos Garcia v. Baker*, Civ. No. GLR-26-616 (D. Md. Mar. 9, 2026); *Pinto-Nunez v. Bondi*, Civ. No. MJM-26-397, 2026 WL 672770 (D. Md. Mar. 10, 2026); *Molina Cruz v. Bondi*, No. 1:26-CV-00697-PX, 2026 WL 1291892 (D. Md. May 12, 2026); *Blanco De Villatoro v. Bondi*, No. 1:26-CV-493-ABA, 2026 WL 1615264 (D. Md. June 4, 2026); *Gujral v. Liggins*, Civ. No. DLB-26-656, 2026 WL 1900218 (D. Md. July 2, 2026); *Lopez v. Liggins*, Civ. No. DLB-26-2101, 2026 WL 2224609 (D. Md. Aug. 3, 2026).

In sum, the Court is not persuaded that the IJ failed to comply with the August 24th Order or otherwise abdicated his duty to make an individualized assessment of flight risk at Petitioner's bond hearing. Petitioner's concerns about the sufficiency of his bond hearing ultimately boil down to a difference of opinion with the IJ's concerns and conclusions. This Court cannot find that Respondents violated the August 24th Order based on a mere difference of opinion with the IJ's decision. Petitioner's arguments may support relief on appeal to the BIA, but they are not grounds for intervention by this Court. Petitioner received a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) and the August 24th Order. Section 1226(e) forbids this Court from reviewing or setting aside the IJ's decision to deny bond.

## III. ORDER

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion to Enforce this Court's Order (ECF No. 15) is DENIED;
2. The petition (ECF No. 1) is DISMISSED without prejudice;

3. The Clerk SHALL CLOSE this case.

It is so ORDERED this 9th day of November, 2026.

/S/
Matthew J. Maddox
United States District Judge